William J. Regan, S.
This is the judicial settlement proceeding of an intestate estate. Decedent died July 17, 1968, so that the rules governing intestate succession in effect March 1,1964 will he followed. The estate consists of personal property totaling $2,640.24 and a parcel of real estate which was sold, leaving a net balance of $5,945. Debts and administration expenses amounted to $3,089.48.
Petitioner, in the account, stated ‘ ‘ widow entitled to $2,000 and half residue, daughter entitled to other half of residue.” This computation the court finds to be in error.
EPTL 4-1.1:
“ Descent and distribution of a decedent’s estate.
“ The property of a decedent not disposed of by will, after payment of administration and funeral expenses, debts and taxes, shall be distributed as follows:
“ (a) If a decedent is survived by: * * *
“ (2) A spouse and only one child, or a spouse and only the issue of one deceased child, money or intangible personal property not exceeding in value two thousand dollars and one-half of the residue to the spouse, and the balance thereof to the child or to his issue per stirpes.”
This change of the law prior to 1964 was stated in the ‘ ‘ Practice Commentary” following McKinney’s Consolidated Laws (Book 17-B, p. 479, § 4-1.1) to be for the purpose of corelating section 4-1.1 with the “ small estate ” section (SCPA 1301, subd. 1). A small estate is defined in this section, “A small estate is the estate of a domiciliary or a nondomiciliary who *534 dies intestate leaving personal property having a gross value of $3,000 or less so the increase was intended to give to a surviving 'spouse the $2,000 in money or intangible property, plus the $1,000 exemption to have it equal a “ small estate The exemption referred to, of course, is under EPTL 5-3.1 (subd. [a], par. [4]), “money or other personal property not exceeding in value one thousand dollars
It appears clear to this court that the intention of the Legislature was that an additional $2,000 of 1 ‘ money or intangible personal property ’ ’ as referred to in EPTL 4-1.1 be given to a surviving spouse without recourse to any real property or proceeds thereof.
Therefore, in the instant proceeding the sum of $1,000 as an exemption may be paid to the widow from the personal property on hand. The debts and administration expenses exhausting the balance of the personal property, there will be no additional $2,000 for the widow, so that the balance remaining for distribution should be divided equally.